(C. D. 301)

P. R. DREYER, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided March 18, 1940)

*Daniel P. McDonald* for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

Before BROWN, TILSON, and KEEFE, Judges

BROWN, Judge: This suit against the United States was brought at New York to recover customs duties claimed to be illegally collected on certain merchandise from Spain and Morocco invoiced as origanum oil. The collector took duty at 40 cents per pound and 30 per centum ad valorem under paragraph 60 of the Tariff Act of 1930 and the French Reciprocity Treaty, T. D. 48316, which modified the rates therein. As so modified paragraph 60 reads as follows:

Perfume materials: All mixtures or combinations containing essential or distilled oils, or natural or synthetic odoriferous or aromatic substances, not containing more than 10 per centum of alcohol, 40¢ per lb. and 30% ad val.

The plaintiff claims the merchandise was entitled to free entry under paragraph 1731 of said act reading as follows:

FREE LIST

PAR. 1731. Oils, distilled or essential: Anise, bergamot, bitter almond, camphor, caraway, cassia, cinnamon, citronella, geranium, lavender, lemon-grass, lime, lignaloe or bois de rose, neroli or orange flower, origanum, palmarosa, pettigrain, rose or otto of roses, rosemary, spike lavender, thyme, and ylang ylang or cananga: *Provided,* That no article mixed or compounded with or containing alcohol shall be exempted from duty under this paragraph.

There was sharp conflict between the chemists testifying for the plaintiff and those testifying for the Government. The former under the tests they made, which they fully described, reached the conclusion

that the merchandise imported was natural origanum oil made from the plant of that name. The latter, under the tests they made, which, in turn, they fully described, reached the conclusion that, due to the presence of ¼ or ½ per centum of orthocresol, the merchandise was synthetic origanum oil made in whole or in part from coal tar and, therefore, denominated by them as a mixture of aromatic chemicals.

It is not necessary, however, to resolve the conflict as the record shows clearly that the articles before us would be accepted as a good delivery for origanum oil and we think Congress plainly intended the *eo nomine* expression in paragraph 1731 for "Oils, distilled or essential * * * origanum" to cover both the natural and synthetic article of that name. Therefore, assuming that the merchandise before us consists of synthetic origanum oil, it is entitled to free entry unless one-half of 1 per centum of orthocresol contained therein would turn it into a mixture. The record does not indicate that a very small quantity of orthocresol was added for any commercial reason or purpose, and we therefore treat it as negligible under the principle of *de minimis non curat lex.*

In *Fritzsche Brothers* v. *United States*, T. D. 24905 (G. A. 5535), 7 Treas. Dec. 49 (January 14, 1904), Judge Fischer held that an oil synthetically produced and known in the trade as "cassia" oil was properly classifiable free of duty under the similar *eo nomine* designation in paragraph 626 of the Act of 1897, rather than classifiable as a chemical compound or mixture.

In *Fritzsche Brothers* v. *United States*, T. D. 25438 (G. A. 5732), 7 Treas. Dec. 1096 (June 29, 1904), Judge McClelland held that an oil synthetically produced and known in the trade as "oil of roses" was properly free of duty under the same paragraph of the same act, under the *eo nomine* designation "ottar of roses," rather than as a chemical compound or mixture.

As to the application of the doctrine of *"de minimis non curat lex"* to such a small quantity of orthocresol, see *R. W. Gresham* v. *United States*, C. D. 263 (December 12, 1939), and cases cited.

The protests claiming free entry under paragraph 1731 are sustained and judgment will issue directing the collector of customs to refund all duty taken on the merchandise.